UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| ELLISON ROBERT BURNS, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV410-169 |
| | ) | |
| SAVANNAH MARITIME ASSOCIATION, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Civil rights plaintiff Ellison Robert Burns, Sr., has filed yet *another* employment discrimination complaint (doc. 1) -- his fifth since 2008. *See Burns v. Zadach*, No. CV408-197 (S.D. Ga. Apr. 12, 2010) (dismissed for failure to prosecute); *Burns v. Int'l Longshoreman Ass'n*, No. CV408-072 (S.D. Ga. Mar. 30, 2009) (dismissed on summary judgment for failure to provide any admissible evidence of discrimination); *Burns v. I.L.A. Local 1414*, No. CV408-160 (S.D. Ga. Sept. 16, 2008) (dismissed for failure to state a claim for relief); *Burns v. Georgia Stevedore Assoc.*, No. CV410-170, doc. 2 (S.D. Ga. Aug. 16, 2010) (pending Report and

Recommendation (R&R) advising dismissal with prejudice because "Burns has utterly failed to state a claim for relief."). In addition to this case, Burns has submitted a companion case, *Burns v. Int'l Longshoreman Ass'n*, No. CV410-171 (S.D. Ga. filed July 29, 2010), which is addressed in a companion R&R.

Since it appears that Burns cannot pay the Court's filing fee without suffering significant hardship, his request to proceed in forma pauperis is **GRANTED**.[1] Doc. 1 at 1-4. Burns also moves for appointment of counsel. *Id.* at 1. That request is **DENIED**. As the Court has repeatedly explained to him, court-appointed counsel is warranted only in "exceptional cases." *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996). In litigating his relatively simple employment discrimination cases to summary judgment, Burns has never needed any help in presenting the essential merits of his position to the Court. *See*

---

[1] The Court will grant leave to proceed IFP if the plaintiff demonstrates that he cannot, because of his poverty, afford to pay the costs of litigation and still provide for himself and any dependents. 28 U.S.C. § 1915. While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing his own litigation may cause some difficulty is not sufficient to relieve a plaintiff of his obligation to pay his own way where it is possible for him to do so without undue hardship. Here, plaintiff is in substantial debt (approximately $50,000) and works only occasionally. Doc. 1 at 1-2. He has received $7,000 from all sources (i.e., salary and unemployment) in the last twelve months. *Id.*

2

*Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993); *see also Bass v. Perrin*, 170 F.3d 1312, 1319 (11th Cir. 1993). Even were the Court to grant his request, it could only ask, not compel, an attorney to take his case. *Williams v. Grant*, 639 F. Supp. 2d 1377, 1379 (S.D. Ga. 2009). Indeed, a successful 28 U.S.C. § 1915(e)(1) motion to appoint counsel could reap very little, for Congress has declined to spend tax dollars to fund such appointments.

According to 28 U.S.C. § 1915(e)(2)(B), the Court *must* dismiss any in forma pauperis plaintiff's complaint if the action fails to state a claim for relief. Here, Burns once again has utterly failed to state a claim for relief. The form complaint directed him to "[g]ive factual detail" in support of his claim, "including names and dates concerning what happened." Doc. 1 at 7. Burns simply responded "Discriminatory/Retaliatory Practices." *Id.* On his attached Equal Employment Opportunity Commission (EEOC) complaint, he simply states that his employer retaliated against him for filing EEOC charges, but he never explained the nature of the retaliation. *Id.* at 10.

While pro se pleadings are held to a less stringent standard than pleadings drafted by an attorney, *Haines v. Kerner*, 404 U.S. 519, 520

3

(1972), a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" under Rule 8 of the Federal Rules of Civil Procedure. *Aschcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949-50 (2009). That is, "the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level.'" *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009) (quoting *Twombly*, 127 S. Ct. at 196465). Thus, while a detailed recitation of the facts is not necessary under the notice pleading standard, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a plaintiff must allege a nonconclusory claim showing that he is entitled to relief. *Rogers v. Nacchio*, 241 F. App'x 602, 607 (11th Cir. 2007); *Lambert v. United States*, 98 F. App'x 835, 839 (11th Cir. 2006) (inmate's conclusory allegations were insufficient to establish a medical malpractice claim). "Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949.

Here, Burns has not offered any non-conclusory factual averments that nudge his claim from merely possible to a plausible entitlement to relief. *Id*. at 1949-50. Absent any factual detail, his claim fails and his case should be **DISMISSED WITH PREJUDICE**.

As it did in *Burns v. Georgia Stevedore Assoc.*, No. CV410-170 doc. 2, the Court *again* warns him that repetitive, abusive litigation fetches Fed. R. Civ. P. 11 sanctions. *See, e.g., King v. Farris*, 357 Fed.Appx. 223, 225-26 (11th Cir. 2009) (applying *Massengale v. Ray*, 267 F.3d 1298, 1302 (11th Cir. 2001) to uphold Rule 11 sanction against pro se litigant). Plaintiff's pattern has now emerged: He approaches maritime employment sources for a job, they fail to hire or assist him to that end, so he then frivolously sues them in federal court -- over and over again -- in "take that!" fashion. That behavior ends *now*.

**SO REPORTED AND RECOMMENDED** this  23rd  day of August, 2010.

/s/ signature
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA